UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JOE ANN HOLLAND** | **CIVIL ACTION NO. 20-00957** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DOLLAR GENERAL CORP.** | **MAG. JUDGE KAYLA D. McCLUSKY** |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment on Issue of Prescription [Doc. No. 14], filed by the Defendant Dollar General Corporation ("Dollar General"). An Opposition [Doc. No. 20] was filed by Plaintiff Joe Ann Holland ("Holland") on April 13, 2021. A Reply [Doc. No. 21] was filed by Defendant Dollar General on April 16, 2021.

For the reasons set forth herein, Dollar General's Motion for Summary Judgment is GRANTED.

**I.    BACKGROUND**

On July 1, 2020, Holland filed a Petition for Damages [Doc. No. 1-2] in the Sixth Judicial District Court, Madison Parish, Louisiana, against Dollar General and XYZ Insurance Company. The Petition for Damages alleged that on March 18, 2019, Holland slipped on an uneven walkway at the Dollar General Store in Tallulah, Louisiana, fell, and sustained damages. The proceeding was removed to this Court [Doc. No. 1] on July 29, 2020.

After conducting discovery, Dollar General maintains it discovered that the incident at issue actually occurred on March 16, 2019, rather than March 18, 2019. This discovery resulted in Dollar General's pending Motion for Summary Judgment on Issue of Prescription [Doc. No.

14], maintaining Holland's claim is prescribed in accordance with Louisiana Civil Code article 3492.

## II. LAW AND ANALYSIS

In Holland's Petition for Damages, she alleged the incident in question occurred on March 18, 2019.  Dollar General asserts the incident in question occurred on March 16, 2019.  The evidence supports Dollar General's claim.   Medical records from Northeast Louisiana Ambulance Service [Doc. No. 14, Exh. 3-A]; Madison Parish Hospital [Doc. No. 14, Exh. 4-B]; and Delta Therapy Solutions [Doc. No. 14, Exh. 5-C], support Dollar General's argument that the incident occurred on March 16, 2019.

Holland was deposed on February 9, 2021, [Doc. No. 14, Exh. 6-D].  At the deposition Holland was questioned about the correct date of the incident.  She admitted she was taken by ambulance to the Madison Parish Hospital Emergency Room after the incident.  She also stated she could not dispute the medical records showing the incident occurred on March 16, 2019.

The March 16, 2019, date makes a difference.  Holland's suit was not filed until July 1, 2020, well past one year.  However, suspension of prescriptive periods occurred in 2020, due to COVID-19.  On March 16, 2020, Louisiana Governor John Bel Edwards signed Proclamation Number 2020-30, entitled "Additional Measures for COVID-19 Public Health."  The Order provided that legal deadlines, including liberative prescription and peremptive periods applicable to legal proceedings in all courts are suspended until at least Monday, April 13, 2020.

Section 10 of the order extended the date of the suspension from 12:00 a.m. on Tuesday, March 17, 2020, to Monday, April 13, 2020.  Additionally, R.S. 9:5829 became effective on June 9, 2020.  This statute suspended liberative prescription periods from March 17, 2020, through July 5, 2020.

Dollar General maintains that since the date of the incident was March 16, 2019, Holland's claim prescribed at the end of the day on March 16, 2020, <u>before</u> the COVID-19 suspensions took effect.

In Holland's Opposition, she does not dispute that the March 16, 2019, date is correct but argues that the Supreme Court of Louisiana suspended all filings due between March 12, 2020, through June 16, 2020.  Holland also maintains President Donald J. Trump's declaration of a national emergency on March 13, 2020, and Governor John Bel Edwards' state emergency proclamation had the effect of suspending prescription.  Holland further argues that the doctrine of *contra non valentem* applies to suspend the running of prescription due to a June 4, 2020, letter [Doc. No. 17, Exh. P2] from Dollar General to Holland which listed the date of injury as March 18, 2019.

### A.     Motion for Summary Judgment

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

 "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247).  "The

moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co*., 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

### B. COVID-19 Suspensions

Louisiana Civil Code article 3492 provides that delictual actions are subject to a liberative prescription of one year. Louisiana Civil Code article 3456 makes clear that prescription accrues upon the expiration of the day of the last year that corresponds with the date of commencement of prescription. This means that an incident occurring on March 16, 2019, prescribes at the end of the day on March 16, 2020. Holland's filing on July 1, 2020, would be untimely unless prescription was interrupted or suspended.

On March 16, 2020, Louisiana Governor John Bel Edwards signed Proclamation Number 2020-30, entitled "Additional Measures for COVID-19 Public Health". The Order provided that legal deadlines, including liberative prescription and peremptive periods applicable to legal proceedings in all courts are suspended until April 13, 2020. Section 10 of the Order showed the suspension becoming effective at 12:00 a.m. on Tuesday, March 17, 2020. Additionally, La. R.S. 9:5829, which became effective on June 9, 2020, suspended liberative prescriptive periods beginning March 17, 2020, through July 5, 2020.

If the correct date of Holland's incident was March 16, 2019, her claim would have prescribed at the end of the day on March 16, 2020, <u>before</u> the COVID-19 suspensions took effect.

Holland maintains that President Donald J. Trump's declaration of a national emergency on March 13, 2020, Governor John Bel Edwards' proclamation of a state emergency on March 16, 2020, and the Supreme Court of Louisiana's March 16, 2020, Order had the effect of suspending prescription. However, none of these items suspended any prescriptive period prior to March 17, 2020.

5

Although a national emergency was declared on March 13, 2020, and a state emergency was declared on March 16, 2020, no declaration suspended the running of prescription until March 17, 2020, after Holland's claim had already prescribed.

### C. *Contra non valentem*

Ordinarily, the party pleading prescription bears the burden of proving that the plaintiff's claims have prescribed. However, once it is shown that more than a year has elapsed between the time of the tortious conduct and the filing of the tort suit, the burden shifts to the plaintiff to prove either suspension, interruption or some exception to prescription. In *re Moses*, 788 So.2d 1173, 1177-78 (La. 2001).

*Contra non valentem* is a judicially created exception of prescription based on the civil doctrine of *contra non valentem* agree *nulla currit praescripto*, which means that prescription does not run against a party who is unable to act.[1] The four instances recognized by the Supreme Court of Louisiana where *contra non valentem* may apply are (1) where there was some legal cause that prevented the courts from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings that prevented the plaintiff from suing or acting; (3) the defendant himself has done some act effectually to prevent the plaintiff from availing himself of this cause of action; or (4) the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.[2]

It appears to this Court that Holland is maintaining that instances #2 and # 3 of *contra non valentem* apply. (#2 to the COVID-19 pandemic in general and declarations of emergency and #3 to Dollar General's June 4, 2020, letter.)

---

[1] *Cartwright v. Chrysler Corp.*, 232 So.2d 285, 287 (La. 1970).
[2] *Crump v. Sabine River Authority*, 737 So.2d 720, 730 (La. 1999).

Addressing #3 first, Holland argues that Dollar General's June 4, 2020, letter [Doc. No. 17, Exh. B-2] caused Holland to rely on Dollar General's representation of the date of the incident. The letter is dated June 4, 2020, over two months after either March 16, or March 18, 2020. Prescription had already accrued when the June 4, 2020, letter was sent. The letter simply lists the date of injury as "03/18/2019" but does not provide any representation or discussion as to the correct date. This letter certainly has not been shown to be an act that prevented Holland from filing suit. Holland is the one who allegedly fell, sustained injuries, and was taken by ambulance to the Madison Parish Hospital Emergency Room. She knew, or at least should have known, the correct date of the incident.

Addressing instance #2, it appears that Holland is arguing that the COVID-19 pandemic in general and/or the national and state emergency declarations were conditions connected with the proceedings that prevented her from filing suit. It is an argument that warrants discussion.

As previously discussed, U.S. President Donald J. Trump and Louisiana Governor John Bel Edwards declared national and statewide emergencies on March 13, 2020, and on March 16, 2020. President Trump declared on March 13, 2020, that the COVID-19 outbreak in the United States constituted a national emergency beginning March 1, 2020. The declaration itself did not suspend or address suspension of legal deadlines.

On March 11, 2020, Governor John Bel Edwards issued a proclamation[3] that declared a statewide public health emergency in the State of Louisiana as a result of COVID-19. Other proclamations followed, addressing various issues. However, until Proclamation Number JBE 2020-30 on March 16, 2020, none of the previous declarations addressed legal deadlines. Proclamation Number JBE 2020-30 did, and specifically suspended legal deadlines, including

---

[3] Proclamation Number 25 JDE 2020.

liberative prescription and peremptive periods applicable to legal proceedings in all Louisiana Courts. According to Section 10 of the Proclamation, the suspension of legal deadlines began at 12:00 a.m. on Tuesday, March 17, 2020, to Monday April 13, 2020, unless terminated sooner.

The Louisiana Legislature also acted quickly, passing Act No. 162, enacting La. R.S. 9:5828 through 9:5830, which addressed suspension of legal deadlines. Act No. 162 was signed by Governor Edwards and became effective on June 9, 2020. La. R.S. 9:5829 specifically suspended all prescriptions, including liberative prescription from March 17, 2020, through July 5, 2020. The legislature chose to begin the suspension on the same date that Governor Edwards had in Proclamation Number JBE 2020-30, March 17, 2020. Both the legislative and executive branches have specifically addressed suspensions of these deadlines during 2020. The legislature could have chosen to begin the suspensions when declarations of a national or state emergency were declared, but it chose not to do so. Therefore, Holland's claim prescribed at the end of the day on March 16, 2020.

Holland has presented no specific facts which warranting suspension of the prescriptive period prior to the time the COVID-19 suspensions took place.

### III. CONCLUSION

For the reasons set forth herein, Dollar General's Motion for Summary Judgment on Issue of Prescription is GRANTED.

MONROE, LOUISIANA this 20th day of April, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE